Lori A. Reihl, Esq., Bar No. 246395
Christopher J. Clark, Esq., Bar No. 346464
MORDAUNT, ROUNDY, REIHL & JIMERSON
A Professional Law Corporation
7488 Shoreline Drive, Suite B1
Stockton, CA  95219
Telephone: (209) 473-8732
Facsimile:  (209) 957-9165
lreihl@mrrjlaw.com
cclark@mrrjlaw.com
service@mrrjlaw.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN JACKSON, an individual | Case No. 2:24-cv-00523-DAD-CKD |
| Plaintiff(s), | **STIPULATED PROTECTIVE ORDER** |
| vs. | *WITH MODIFICATION BY THE COURT* |
| TARGET CORPORATION, a corporation, and DOES 1 through 50, inclusive | |
| Defendant(s). | |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.   This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2.   The parties may designate any Confidential Material produced or filed in this lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential."  If any material has multiple pages, this designation need only be placed on the first

Mordaunt, Roundy,
Reihl & Jimerson
7488 Shoreline Drive
Suite B1
Stockton, CA 95219
(209) 473-8732

1

STIPULATED PROTECTIVE ORDER

page of such material.  Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3.	Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.	Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order.  The parties, counsel for the respective parties (including legal assistants and other personnel) and the Court are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.	Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material.  Upon dissemination of any confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the confidential material so disseminated (such as by "Bates stamp" number).  Such record shall be made available to the designating party upon request.

6.	If additional persons become parties to the Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7.	In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order.  Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above.  When Confidential Material

Mordaunt, Roundy,
Reihl & Jimerson
7488 Shoreline Drive
Suite B1
Stockton, CA 95219
(209) 473-8732

2

STIPULATED PROTECTIVE ORDER

is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8.   If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9.   With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."  All communications shall indicate clearly which portions are designated to be "Confidential."  Any communications containing Confidential Material shall be returned to the submitting party upon termination of this lawsuit (whether by dismissal or final judgment).

10.  The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal.  All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential material filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."

11.  If a non-designating party is subpoenaed or order to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

12.  If a party believes that any confidential material does not contain confidential

Mordaunt, Roundy,
Reihl & Jimerson
7488 Shoreline Drive
Suite B1
Stockton, CA 95219
(209) 473-8732

3

STIPULATED PROTECTIVE ORDER

information, it may contest the applicability of this Order to such information by notifying the designating party's Counsel in writing and identifying the information contested.  The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party seeking the protection shall have thirty day in which to make a motion for a protective order with respect to contested information.  Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

13. Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure.  At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential material (including all copies) shall be returned to counsel for the designating party.  In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order.  Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

///

///

Mordaunt, Roundy, Reihl & Jimerson
7488 Shoreline Drive
Suite B1
Stockton, CA 95219
(209) 473-8732

4

STIPULATED PROTECTIVE ORDER

1  ~~17.  After the termination of this Lawsuit, the provisions of this Order shall continue to~~
2  ~~be binding and this Court shall retain jurisdiction over the parties and any other person who has~~
3  ~~access to documents and information produced pursuant to this Order for the sole purpose of~~
4  ~~enforcement of its provisions.~~

**IT IS SO STIPULATED:**

Dated: September 9, 2024                    MORDAUNT, ROUNDY, REIHL & JIMERSON

By: /s/ Lori Reihl
Lori A. Reihl, Esq.
Attorneys for Defendant
TARGET CORPORATION

Dated: _____             MADISON LAW GROUP

By: /s/ Kyle Madison
Kyle Madison, Esq.
Attorneys for Plaintiff
DAWN JACKSON

**THE COURT ORDERS AS FOLLOWS**:

The court approves the stipulated protective order with two modifications as follows:

(1) Once this action is closed, the court will not retain jurisdiction over enforcement of the terms of the protective order. See Local Rule 141.1(f). Thus, the Court strikes paragraph 17 above.

(2) This Stipulated Protective Order does not entitle a party to file confidential information under seal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. If a party's request to file confidential material under seal is denied by the Court, then the party may file the information in the public record unless otherwise instructed by the Court.

Dated: October 21, 2024

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, jack24cv0815.po

Mordaunt, Roundy,
Reihl & Jimerson
7488 Shoreline Drive
Suite B1
Stockton, CA 95219
(209) 473-8732

5

STIPULATED PROTECTIVE ORDER